1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESICA S.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C22-5735-BAT

**ORDER AFFIRMING AND
DISMISSING**

13      Plaintiff seeks review of the denial of her application for Supplemental Security Income.

14 She contends the ALJ misevaluated a medical opinion and erroneously found at step five that she

15 could perform jobs that exist in significant numbers. Dkt. 11 at 1. For the reasons below, the

16 Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

17                              **BACKGROUND**

18      Plaintiff is currently 39 years old, has an 11th-grade education and a GED, and has

19 worked as a cook and retail stocker. Tr. 480. In November 2017, she applied for benefits,

20 alleging disability as of January 5, 2016. Tr. 457-66. Her application was denied initially and on

21 reconsideration. Tr. 366-69, 376-82. The ALJ conducted hearings in April and August 2019 (Tr.

22 274-339), and subsequently found Plaintiff not disabled. Tr. 14-34.

23

1    The Appeals Council denied Plaintiff's request for review (Tr. 1-6), and Plaintiff sought

2    judicial review. The U.S. District Court for the Western District of Washington reversed the

3    ALJ's decision and remanded for further administrative proceedings. Tr. 1438-47. On remand, a

4    different ALJ held a hearing in April 2022 (Tr. 1355-1408) and subsequently found Plaintiff not

5    disabled. Tr. 1334-47. The Appeals Council did not assume jurisdiction of the case, and the

6    ALJ's decision is therefore the final decision of the Commissioner. Tr. 1325-30.

7                                          **DISCUSSION**

8    **A.    Medical Opinion Evidence**

9            Michael Jenkins, Ph.D., examined Plaintiff in June 2015 and assessed mental limitations

10   he expected to persist for 5-8 months. Tr. 1673-78. At the time of Dr. Jenkins's examination

11   Plaintiff was not receiving any treatment for her mental health conditions, but Dr. Jenkins opined

12   Plaintiff would be able to work after "making adequate progress in mental health treatment."

13   Tr. 1673, 1676.

14           The ALJ discounted Dr. Jenkins's opinion on the grounds it predates the adjudicated

15   period. Tr. 1345. Plaintiff claimed her disability began on January 5, 2016, and did not apply for

16   benefits until November 2017. Thus, there is no question Dr. Jenkins's opinion predates both

17   Plaintiff's application date and her alleged onset date. *See* Tr. 1334.

18           Plaintiff argues the ALJ erroneously failed to address whether Dr. Jenkins's opinion was

19   supported and consistent with the record, as required by regulation. Indeed, the regulations

20   applicable to this case require the ALJ is to articulate the persuasiveness of each medical

21   opinion, specifically with respect to whether the opinions are supported and consistent with the

22   record.  20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be

23   supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

1    The Commissioner's contention the ALJ did, in fact, address the supportability and

2    consistency factors above (Dkt. 13 at 6), is unsupported. The ALJ addressed the supportability

3    and consistency factors relevant to other opinions contained within the same exhibit, but not Dr.

4    Jenkins's opinion. Tr. 1345. The ALJ explained other opinions found in the same exhibit as Dr.

5    Jenkins's opinion were supported by the examination findings but were inconsistent with other

6    evidence showing Plaintiff could drive, care for herself and her mother, prepare meals, and shop

7    in stores. *Id*. Thus, the Court finds the ALJ discounted Dr. Jenkins's opinion solely on the basis

8    of its date, and not inconsistent with other evidence such as Plaintiff's activities.  *See* Tr. 1345.

9    The Court accordingly finds the ALJ erred in assessing Dr. Jenkin's opinion.

10    However, the Court finds the ALJ did not harmfully err. Dr. Jenkins opined Plaintiff's

11    limitations would persist no more than 8 months, which does not meet the durational

12    requirements. Dr. Jenkin's opinion in this regard does not support Plaintiff's claim. Dr. Jenkin's

13    also opined Plaintiff would be able to perform gainful work after "making adequate progress in

14    mental health treatment."  This opinion also cuts against Plaintiff's claim of disability. Plaintiff

15    argues the ALJ should have contacted Dr. Jenkins "to inquire as to the basis of his opinion in

16    light of the later records. Dkt. 15 at 3. Plaintiff cites no authority requiring an ALJ to take such

17    action under the circumstances of this case and the Court is not aware of any. In short, Plaintiff

18    fails to show the ALJ harmfully erred as to Dr. Jenkins's opinion. *See Carmickle v. Comm'r Soc.*

19    *Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (explaining that opinions that predate an

20    alleged onset date are of "limited relevance," and that temporary limitations cannot establish a

21    disability that meets the regulatory 12-month durational requirement).

22    /

23    /

1

**B.      Step Five**

2

At step five, the Commissioner bears the burden to show a claimant is not disabled

3

because he or she can perform other work that exists in significant numbers in the national

4

economy.  20 C.F.R. § 416.960(c)(2). The ALJ, here, relied on the testimony of the vocational

5

expert ("VE") to find Plaintiff could perform the representative occupations of food service

6

worker, marking clerk, and photocopy machine operator, and found because those jobs exist in

7

significant numbers in the national economy, Plaintiff is not disabled.  Tr. 1346-47.

8

Plaintiff argues the ALJ erred in accepting the VE's testimony as to the job numbers

9

associated with the marking clerk and photocopy machine operator jobs because a "common

10

sense" reading of the definition of those jobs indicates they are now obsolete in light of

11

technology not available at the time the Dictionary of Occupational Titles ("DOT") was last

12

updated. Dkt. 11 at 7-9. Plaintiff did raise challenge to either the ALJ or to the Appeals Council,

13

however, and thereby waived it. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017)

14

(finding that plaintiff waived the right to challenge the accuracy of a VE's job numbers by not

15

raising the issue to the ALJ or to the Appeals Council). Plaintiff acknowledges challenges to job

16

numbers may be waived, but argues her challenge was not waived because it challenges the

17

ALJ's application of a legal standard, emphasizing that she has not offered any alternative job

18

numbers or vocational testimony. Dkt. 15 at 4. The argument fails because Plaintiff's challenge

19

depends upon the factual inaccuracy of the VE's job numbers; whether Plaintiff argues the

20

inaccuracy in the job numbers themselves, or in the ALJ's reliance on those job numbers are still

21

arguments that should have but were not raised in administrative proceedings.

22

Plaintiff cites *James P. v. Saul* as support for her contention this issue was not waived,

23

but the case is distinguishable. *See* 2020 WL 1689733 (W.D. Wash. Apr. 7, 2020). In *James P.*,

1  plaintiff argued, and the court agreed that the number of jobs relied upon by the ALJ was not

2  "significant" as required by regulation, and the ALJ failed to resolve a conflict between the DOT

3  and the VE's testimony as to one of the jobs. *Id*. Although plaintiff had not raised that argument

4  to the ALJ or to the Appeals Council, the court found plaintiff had raised "sufficient questions"

5  about the legal sufficiency of the jobs identified at step five to require reversal.  *See* 2020 WL

6  1689733, at *3.

7       In contrast, Plaintiff does not just argue the job numbers identified by the VE were not

8  high enough to be significant or the ALJ failed to resolve conflicts between the VE's testimony

9  and the DOT (as in *James P.*), but argues common sense suggests some of the job numbers

10  provided by the VE must be factually inaccurate because those jobs are obsolete. This factual

11  challenge can be waived and was waived because Plaintiff raised it to this Court for this first

12  time. *See*, *e.g.*, *Lusson v. Saul*, 2021 WL 510618, at *7 (D. Nev. Feb. 11, 2021) (finding plaintiff

13  waived a "common-sense argument" that a step-five job is obsolete because an ALJ need not

14  investigate whether a job is obsolete unless a plaintiff raises a question regarding job numbers at

15  the hearing); *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 318 (6th Cir. Jan. 7, 2020)

16  (finding that because plaintiff "did not cross-examine the [VE] when he had the opportunity,"

17  plaintiff cannot argue for the first time in court that a step-five job is obsolete); *cf. Stone v. Saul*,

18  2020 WL 5535405 at *2 n.2 (E.D. Cal. Sep. 15, 2020) (finding an obsolescence argument not

19  waived because plaintiff raised a challenge the VE's job numbers to the Appeals Council);

20  *Skinner v. Berryhill*, 2018 WL 1631275, at *6 (C.D. Cal. Apr. 2, 2018) (same).

21       Accordingly, even if Plaintiff is correct the ALJ erred in finding that she could perform

22  the food service worker job (Dkt. 11 at 9-11, Dkt. 15 at 5-6), the other two jobs exist in

23  significant numbers and Plaintiff's challenge to those jobs was waived. *See* Tr. 1347 (referencing

140,000 total marking clerk and photocopy machine operator jobs).  Plaintiff has therefore failed

to meet her burden to identify a harmful step-five error.

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED, and the

case is DISMISSED.

DATED this 14th day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING AND DISMISSING - 6